**IOASA of Pago Pago, Plaintiff**

**v.**

**LAFU of Iliili, Defendant**

No. 5-1950

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Malaga" of Iliili]

January 30, 1950

---

A. A. MORROW, *Chief Justice;* TIUMALU, *District Judge;* and PULETU, *District Judge.*

DECISION

Heard at Fagatogo, Thursday, January 20, 1950.
Lesio for Ioasa; Meauta for Lafu.

MORROW, *Chief Justice.*

The right to the succession to the matai name Malaga of Iliili is to be decided in this case. Lafu filed his application with the Registrar of Titles to be registered as the Malaga. Ioasa filed an objection to the proposed registration and became a candidate for the name. Hence this litigation. Sec. 926 of the A. S. Code prescribes the qualifications which a person must have in order to be registered as a matai. According to the evidence, each of the parties meets all the requirements of this section, and is therefore eligible for registration as the holder of a matai name.

Sec. 933 of the Code provides as follows:

"In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The wish of the majority or plurality of the family;

(b) The forcefulness, character, personality and capacity for leadership of the candidate;

(c) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(d) The value of the holder of the matai name to the Government of American Samoa."

Each candidate filed a petition with the court purporting to be signed by the various members of the Malaga family supporting his candidacy. There were 82 names on Ioasa's petition and 76 on Lafu's. Lafu testified that not a single name on Ioasa's petition belonged to a member of the Malaga family; that all of such signers were non-family members. Ioasa (in retaliation we think) testified that all of the 76 signers on Lafu's petition were likewise not members of the Malaga family. If we were to believe the testimony of both of these candidates we would have to conclude that not a single member of the Malaga family wished either candidate to be its matai. Suffice it to say

that, taking the testimony as a whole, we are of the opinion that there were some members of the Malaga family on each petition. It is not necessary, however, for the court to decide which candidate the majority of the family favors, because the decision, in view of our findings on the other three issues, would under the law have to be the same regardless of the wish of the majority of the family.

Lafu is 64 years old. During the course of the hearing the court had an excellent opportunity to observe him both on and off the witness stand. He is obviously in his declining years. He has lost that alertness of mind which the average man has in his prime of life. He was very slow in answering questions. He became badly confused on the witness stand and, apparently without knowing it, at times gave contradictory testimony which we do not believe he would have done had he been as mentally alert as he doubtless was in his prime. During the war he worked at the airport and as a stevedore on the dock in Pago Pago. He does not speak English. His formal education was limited to the first three grades in a faifeau's school. He works on plantations and has a little income from the sale of breadfruit, taro and bananas at the market; also some income from the sale of copra. However he did not know how much his annual income was. A few months ago Lafu was convicted of cruelty to animals. He lost his temper and cut a horse with a bushknife.

Ioasa is 60 years of age. He reached the eighth grade in Leulumoega School in Upolu. He is an experienced carpenter. He spent 24 years as a member of the Fita Fita Guard, retiring with the rank of coxswain. He speaks English. He has an income of $114.00 a month as a retired Fita. He has plantations and makes curios. He answered questions rapidly and did not become confused on the witness stand. He is alert mentally and physically vigorous. It is our conclusion from the evidence and our observation of the two can-

didates at the hearing that Ioasa prevails over Lafu on the issue of forcefulness, character, personality and capacity for leadership. Counsel for Lafu stated in his argument that Ioasa prevailed over Lafu on this issue.

Lafu became confused on the witness stand when giving testimony bearing upon the issue of hereditary right. He finally said "The right thing is Malaga Pesini is a brother of my mother." In spite of his confusion as to his pedigree we believe that this is a correct statement. The evidence does not support the conclusion that he has any Malaga blood in his veins. Also we believe from the evidence that Ioasa has no Malaga blood in his veins. His grandfather was the brother of Malaga Tagaloa. Our conclusion from the evidence is that on the issue of hereditary right both candidates stand on an equality and we so find.

We have said many times that the value of the holder of a matai name to the government depends mostly upon the skill upon which he handles the affairs of his family. That in turn depends upon his forcefulness, character, personality and capacity for leadership. It is obvious to us from the evidence and our observations of the two candidates at the hearing that Ioasa is better qualified to handle the affairs of the Malaga family than is Lafu. He is a younger man, much more alert mentally and is superior in personality to Lafu. He has much more education than Lafu and in addition speaks English. Counsel for Lafu stated in his final argument that Ioasa prevailed over Lafu on the fourth issue. We think Ioasa's capacity for leadership is definitely superior to that of Lafu and that as the Malaga he will be of more value to the Government than could Lafu. We find for Ioasa on the fourth issue.

This case is on all fours with that of *Maea Taleni and Uele v. Talio*, No. 37-1949 (Am. Samoa) in which we awarded the matai name Magalei to Talio. In that case we found it unnecessary to decide which candidate the major-

537

ity of the family favored. We found that Talio prevailed over Uele on the issue of forcefulness, personality, character and capacity for leadership and the issue of the value of the holder of the matai name to the government and stood on an equality with Uele with respect to the issue of hereditary right. We awarded the matai name to Talio saying ". . . since we . . . find that Talio prevails over Uele on the second and fourth issues and stands on an equality with him with respect to the third issue, we must award the name (Magalei) to Talio." We are confident that the Fono when it enacted what is now Sec. 933 of the Code intended that forcefulness, personality, character and capacity for leadership together with the value of the holder of the matai name to the government should be entitled to more weight than the wish of the majority or plurality of the family. In view of our findings we must award the name Malaga to Ioasa.

Accordingly it is ORDERED, ADJUDGED and DECREED that Ioasa shall be registered as the holder of the matai name Malaga of Iliili. The Registrar of Titles will be so advised.

Costs in the amount of $20.00 are hereby assessed against Lafu the same to be paid within 30 days.